# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MALICIOUS WOMEN CANDLE COMPANY, LLC,**

      **Plaintiff,**

v.                                                            **Case No: 6:20-cv-2013-RBD-DCI**

**RYNN CARTER COX,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Malicious Women Candle Company, LLC (Plaintiff) brought a 120-count complaint against Rynn Carter Cox (Defendant) for trademark infringement, unfair competition, and copyright infringement. By Order dated August 18, 2022, the Court granted in part Plaintiff's Motion for Summary Judgment as to liability only on Counts 1-120 and stated that it would address Plaintiff's damages in a separate Order. Doc. 95. The District Judge referred the matter to the undersigned for a report and recommendation on Plaintiff's damages. Doc. 100. For the reason stated herein, the undersigned recommends that Plaintiff recover $ 814,053.12 in damages.

    **I.**     **Procedural History—Damages**

Following the referral, the undersigned set the matter for an evidentiary hearing and directed the parties to file their respective witness and exhibit lists and prehearing briefs. Doc. 101. Plaintiff filed its Memorandum in Support of its Damages Claim (Prehearing Brief), supporting exhibits, and lists in compliance with the Order. Docs. 102-104, 107-109. Defendant filed nothing. On June 13, 2023, the undersigned conducted the evidentiary hearing with Plaintiff's founder and president and Plaintiff's counsel in attendance. Defendant did not appear.

At the hearing, Plaintiff presented argument, offered testimony, and admitted exhibits for the Court's consideration in support of its claim for damages.[1] The Court directed Plaintiff to file a post-hearing brief with damages calculations and law in support of the calculations. Doc. 114. Plaintiff has filed a Post-Hearing Memorandum in Support of its Damages Claim (Doc. 115, Plaintiff's Post-Hearing Brief) and, therefore, the matter is ripe for consideration.

II.     Discussion

    A. **Trademark Infringement and Unfair Competition – Counts 1-119**

        1. **Entitlement to Damages**

According to the Court's Order on Plaintiff's Motion for Summary Judgment, "[u]nfair competition based on trademark infringement has the same elements as infringement, so the Court considers them together." Doc. 95 at 4 (citing *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1026 n.14 (11th Cir. 1989)). With respect to Counts 1-119 for trademark infringement and unfair competition, Plaintiff seeks damages including disgorgement of Defendant's profits to remedy the harm suffered from the infringement of Plaintiff's federally registered trademark "Malicious Women Candle Co." Doc. 115 at 4. Specifically, Plaintiff requests an award of at least $814,053.12 for Defendant's "infringing revenues" for the period April 2019 to August 2021. Doc. 115 at 11.

Indeed, a plaintiff may recover damages including "defendant's profits" for trademark infringement. 15 U.S.C. § 1117(a). A plaintiff may be awarded the defendant's profits if any of the following three circumstances exist: "(1) the defendant's conduct was willful and deliberate,

---

[1] Plaintiff's Prehearing Brief includes an analysis concerning entitlement to a permanent injunction and attorney fees and costs. Doc. 102 at 15-21. At the hearing, the undersigned clarified that those issues are separate and only the matter of damages has been referred to the undersigned. *See* Doc. 100.

(2) the defendant was unjustly enriched, or (3) it is necessary to deter future conduct." *Optimum Techs., Inc. v. Home Depot U.S.A., Inc.*, 217 Fed. App'x 899, 902 (11th Cir. 2007) (citing *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1521 (11th Cir. 1990)).

In the context of Plaintiff's copyright infringement claim, the Court discussed the genuine dispute concerning the willfulness of Defendant's conduct. In a footnote in the Court's Order on Plaintiff's Motion for Summary Judgment, the Court stated the following:

> MWC also briefly, and conclusorily, asserts that it is entitled to a finding of willfulness on summary judgment, presumably in an attempt to get special damages. (*See* Doc. 88, p. 26.) But willfulness requires some showing of state of mind of the defendant — a question of fact. *See Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1476 (11th Cir. 1991); *e.g. Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271 (11th Cir. 2015) (cleaned up). And the record reveals potential fact disputes on this issue anyway, despite Cox's lack of response. (*See* Doc. 88-7, p. 7); *Alarm Grid, Inc. v. Alarm Club.Com, Inc.*, No. 17-80305-CIV, 2018 WL 3413026, at *2 (S.D. Fla. Mar. 13, 2018). So summary judgment on willfulness is denied, which does not preclude judgment for MWC on liability. *See generally Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1260 (11th Cir. 2014).

Doc. 95 at 11 n.5. Also, with respect to the trademark infringement and unfair competition counts and the Court's assessment of the likelihood of confusion of the brands, the Court considered Defendant's intent and found that the factor was "neutral." *Id*. at 8-9.[2] Specifically, the Court determined that Defendant attempted in discovery to identify a non-infringing source of some of the catchy phrases, but that explanation was undercut because she tagged "malicious women" as related to her candles in her online shop. *Id*. The Court concluded that "this factor is neutral—but intent is only one factor and is not dispositive." *Id*. at 9.

---

[2] As stated in the Court's Order, when assessing likelihood of confusion, courts consider: (1) distinctiveness of the mark; (2) similarity of the marks; (3) similarity of the products; (4) similarity of trade channels and consumers; (5) similarity of advertising media; (6) the defendant's intent; and (7) actual confusion. Doc. 95 at 7 (citing *Wreal, LLC v. Amazon.com, Inc.*, 38 F.4th 114, 127 (11th Cir. 2022)).

In the Prehearing and Post-hearing Briefs, Plaintiff has done more than offer a conclusory statement that Defendant's conduct was willful and deliberate. *See* Docs. 102 at 7-9; 115 at 6-8. In any event, the Court need not change course at this stage or consider Defendant's willfulness further because the undersigned recommends Defendant was unjustly enriched and an award is appropriate for deterrence. "[A]wards of an infringer's profits have been recognized not merely as a surrogate for a plaintiff's actual lost sales, but as compensation for the defendant's unjust enrichment." *Nutrivida, Inc. v. Inmuno Vital, Inc.*, 46 F.Supp.2d 1310, 1315 (S.D. Fla. 1998). "An accounting for profits has been determined by this Court to further the congressional purpose by making infringement unprofitable, and is justified because it deprives the defendant of unjust enrichment and provides a deterrent to similar activity in the future." *Burger King*, 855 F.2d at 781 (citing *Maltina Corp. v. Cawy Bottling Co., Inc.*, 617 F.2d 582, 585 (5th Cir. 1980); (*Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 121 (1968)).

Besides willfulness,[3] "[t]he two other theories for supporting an accounting of profits, deterrence and unjust enrichment, do not depend 'upon a higher showing of culpability on the part of defendant, who is purposely using the trademark.'" *Playnation Play Sys. v. Velex Corp.*, 924 F.3d 1159, 1171 (11th Cir. 2019) (quoting *Burger King*, 855 F.2d at 781). "An unjust enrichment occurs when a defendant sells 'by tapping into the reputation and goodwill' of the plaintiff." *ADT & ADT US Holdings, Inc. v. Alarm Prot. LLC*, 2017 WL 2212541, at *3 (S.D. Fla. May 17, 2017) (quoting *Howard Johnson*, 892 F.2d t 1521 n.9 (11th Cir. 1999)). "A defendant is unjustly

---

[3] The Eleventh Circuit has stated that a willful violation of a trademark occurs "where the infringer was 'knowingly and deliberately cashing in upon the good will of [the infringed].'" *Optimum Techs*, 217 Fed. App'x at 903 (quoting *Burger King*, 855 F.2d at 781). But "a court need not find willfulness in order to award profits under the Lanham Act." *Playnation Play*, 2021 WL 2209096, at *3 (11th Cir. June 1, 2021) (citing *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S.Ct. 1492, 1497 (2020)).

enriched if its 'sales were attributable to its alleged infringing use of the [plaintiff's] mark. . .. The burden is on the plaintiff to prove this connection by pointing to evidence of actual consumer confusion.'" *Drew Estate Holding Co., LLC v. Fantasia Distrib.*, 2014 WL 1319328, at *7 (S.D. Fla. Apr. 1, 2014) (citing *Optimum Techs., Inc. v. Home Depot USA, Inc.*, 2005 U.S. Dist. LEXIS 34776, at *10 (N.D. Ga. Dec. 2, 2005)).

At the summary judgment stage, the Court found that there is no genuine dispute that: (1) Plaintiff owns the valid registered trademark and valid common law trademarks; (2) Defendant engaged in the unauthorized use of the marks; and (3) Defendant's candles create a likelihood of confusion between the brands. Doc. 95 at 4-9. The Court determined that Defendant tagged "malicious women" as related to her candles in her online shop and "[c]ustomers have contacted both parties to express confusion about the brands." Doc. 95 at 2, 6-7, 8-9. The Court determined that Plaintiff presented evidence of consumers expressing actual confusion about the two brands. *Id*. at 9, citing Doc. 88-7 at 7. Plaintiff contends that despite the actual confusion, Defendant continued to operate her business, sell her goods under the infringing mark, and continued to be enriched by the confusion. Doc. 115 at 8, citing Doc. 52. Plaintiff presents evidence of Defendant's gross revenues resulting from the sale of products. Docs. 107-109.[4]

Based on the foregoing, the undersigned recommends that Defendant was unjustly enriched by the trademark infringement and unfair competition. Further, the undersigned concludes that the requested award is necessary for future deterrence. "The Act confers upon the district court a wide scope of discretion to determine the proper relief due an injured party." *Burger King*, 855 F.2d at 781. In the instant case, the Court found that a review of the record establishes that almost

---

[4] Plaintiff admitted Defendant's Sale and Expenditure Reports into evidence at the June 13, 2023 hearing.

90% of Defendant's candles have exactly the same phrases as Plaintiff's candles and the other 10% are almost identical.  Doc. 95 at 8.  The Court determined that the parties sell virtually identical products in the same market and advertise through the same channels and Defendant tagged "malicious women" as related to her candles.  *Id*.  at 8-9.

Plaintiff's founder and president also testified at the evidentiary hearing that after cease-and-desist letters were sent to Defendant, Defendant changed the domain name for the website from "malicious mermaid' to "snarky mermaid" but did not change her products and the website still has "a big banner that says The Malicious Mermaid."  Further, during litigation, Defendant failed to participate in the defense of Plaintiff's claims or comply with Court Orders.  Most recently, Defendant did not submit prehearing briefing as directed and did not attend the evidentiary hearing.  Taking into consideration the facts not in genuine dispute and the circumstances of this case, the undersigned recommends that there is a need for deterrence of future conduct.

In sum, the undersigned finds that Plaintiff has shown that it is entitled to the Defendant's profits under § 117(a).

2. **Damage Calculation**

"In assessing profits the plaintiff shall be required to prove defendant's sales only; [the] defendant must prove all elements of cost or deduction claimed."  *Instant One Media, Inc. v. Ezfauxdecor, LLC*, 2023 WL 2422196, at *2 (11th Cir. Mar. 9, 2023) (quoting 15 U.S.C. § 1117(a)).  "The plaintiff's burden is merely to establish business-wide gross sales and some instances of infringement."  *Id*. (citing *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 883 F.2d 1484, 1488 (11th Cir. 1987)).  "'[W]hen a trademark plaintiff offers evidence of infringing sales and the infringer fails to carry its statutory burden to offer evidence of deductions,

the plaintiff's entitlement to profits under the Lanham Act is equal to the infringer's gross sales.'" *Tiramisu Int'l LLC v. Clever Imports LLC*, 741 F.Supp.2d 1279, 1291 (S.D. Fla. 2010) (citations omitted).

Here, Plaintiff states that it was able to obtain Defendant's Sales and Expenditure Reports establishing Defendant's gross revenues from its sales of the infringing products for the relevant time-period. Doc. 115 at 10. Plaintiff has submitted the declaration of its counsel, Mark Warzecha (Attorney Warzecha), in support of Plaintiff's Prehearing Brief. Doc. 102-1. Attorney Warzecha represents that Plaintiff's request for production of documents No. 27 sought:

> Documents sufficient to show the annual volume of sales (in dollars and units), for each and every year Defendant has sold goods in connection with any Challenged Mark, of all goods or services sold, directly or indirectly, by Defendant under or in connection with any Challenged Mark.

*Id*. at 2. Attorney Warzecha attests that Defendant in turn produced the Sales and Expenditure Reports docketed at Docs. 107-109. *Id*. at 3.

Defendant's Sales and Expenditure Report for April 21, 2019 through December 31, 2019 shows $108,227.22 in gross sales. Docs. 107, 115-1. With respect to January 1, 2020 through December 31, 2020, Defendant's Sales and Expenditure Report reflects $498,999.73 in gross sales. Docs. 108, 115-2. As for January 1, 2021 through August 31, 2021, Defendant's Sales and Expenditure Report shows a total of $206,826.17 in gross sales. Docs. 109, 115-3.

Based on the foregoing, the undersigned finds that Plaintiff has satisfied its burden to prove Defendant's gross sales. The burden then shifts to Defendant to prove cost or deduction claimed, but Defendant has not claimed any deduction because Defendant has not participated in this litigation on the issue of damages. Again, Defendant did not file a prehearing brief as directed and

did not attend the June 13, 2023 evidentiary hearing.[5]  Accordingly, the undersigned recommends that Plaintiff be awarded $814,053.12.

### III.     Copyright Infringement—Count 120

In its Order granting in part Plaintiff's Motion for Summary Judgment, the Court found that Plaintiff owns a valid copyright and Defendant infringed it and the validity of Plaintiff's copyright is unrefuted.  The Court also concluded that Plaintiff established a presumption of copying supported by the record, which Defendant did not refute.  Doc. 95 at 10-11.  Thus, the Court determined that Plaintiff was entitled to summary judgment as to liability only on its copyright infringement claims.  *Id*. at 11.  Since liability was established on this claim, Plaintiff now seeks damages. Doc. 115 at 11-13.  Pursuant to § 504(a), in general, "an infringer of copyright is liable for either— (1) the copyright owner's actual damages and any additional profits of the infringer, as provide by subsection (b); or (2) statutory damages, as provided by subsection (c)." With respect to actual damages and profits, the statute provides that:

> [t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b).

---

[5] The undersigned notes that, though Defendant failed to appear at the hearing or brief the issue of damages, damages were considered upon the District Judge's referral and not in the context of a default judgment.  Defendant initially participated in this litigation but apparently ceased doing so after Plaintiff filed the Motion for Summary Judgment.  Based on Defendant's non-compliance with the undersigned's order and failure to attend the evidentiary hearing, the undersigned deems Plaintiff's request for an amount of damages to be unopposed.  Plaintiff seeks $814,053.12 in damages, and Defendant has raised no argument that the amount should be reduced.

Plaintiff contends that Defendant's gross profits from April 2019 through August 2021--$814,053.12—does not account for all revenues or profits received as a result of the infringement. Doc. 115 at 12.  Plaintiff states that its copyrighted works include two original 2-D artworks and are labels applied to Plaintiff's candle jars and other products.  *Id*.  For Count 120, "Plaintiff submits that the proper calculation to determine a 'product by product' sales amount is the amount of Defendant's gross profits, $814,053.12, divided by the 118 different infringing products as alleged in Plaintiff's Verified Complaint."  *Id*. at 13.  Plaintiff explains that this equals $6,898.76 (the amount of profit attributable to each product and act of infringement) and Plaintiff seeks $13,797.52 since there are two copyrighted works.  *Id*.

Plaintiff's analysis does not convince the undersigned that Plaintiff is entitled to this amount.  As an initial matter, Plaintiff claims that Defendant engaged in "willful" copyright infringement.  Doc. 115 at 11.  Unlike Plaintiff's discussion of the trademark infringement counts, Plaintiff fails to explain "willfulness" as it relates to the issue of damages for the copyright claim.  As stated *supra*, the Court previously denied willfulness on summary judgment with respect to Count 120.  Even so, Plaintiff states in the Post-hearing Brief that it "elects monetary damages related to Count 120 as a result of Defendant's *willful* copyright infringement." *Id*. at 11-12, citing 17 U.S.C. § 502-504 (emphasis added).  Plaintiff does not, however, address the significance, if any, of the Court's previous willfulness determination in the Prehearing or Post-hearing Briefs and the undersigned is unsure if it impacts the type of award.  In other words, Plaintiff's briefing is insufficient.

In any event, Plaintiff's request for $13,797.52 is problematic for another reason.  First, Plaintiff cites to no law to stand for the proposition that the profits should be derived in this manner—the total profit divided by the 118 infringing marks used.  Plaintiff's computation is well-

taken and perhaps permissible, but Plaintiff provides no authority to support the math even though the undersigned specifically directed Plaintiff to include in the post-hearing brief law supporting the calculation.  Doc. 114.

Second, assuming there is authority to support the $13,797.52 award, Plaintiff does not explain entitlement to the same profit twice.  It is not entirely clear because Plaintiff does not include in the Pre-hearing and Post-hearing Briefs a total amount requested, but it seems that Plaintiff seeks the $13,797.52 for Count 120 *in addition to* the $814,053.12 claimed for Counts 1 to 119.  *See* Docs. 102 at 21-22; Doc. 115 at 13.  If so, then Plaintiff is looking to recover the same profit multiple times from the same pool of dollars.  The undersigned recognizes that Plaintiff seeks disgorgement for the trademark infringement and monetary damages on the copyright infringement claim and, again, perhaps double recovery on the same profit is allowed, but there is no authority before the Court to support that request under § 504 or otherwise.

In sum, the undersigned finds Plaintiff's Prehearing and Post-hearing Briefs to be inadequate on the copyright infringement damage request.

### IV.     Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that:

1. the Court award to Plaintiff $814,053.12 with respect to Counts 1 to 119; and

2. deny Plaintiff's request for $13,797.52 as to Count 120.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-

to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

    Recommended in Orlando, Florida on June 26, 2023.

DANIEL C. IRICK<br>
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy